AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| Noe Rene Lugo   -1 | Case Number:  17-cr-00482-JAH-1 |
| | Gary Paul Burcham |
| | Defendant's Attorney |

**REGISTRATION NO.** 60596298

☒ Correction of Sentence on Remand (Fed. R. Crim. P. 35); Previously Imposed Sentence is Hereby Set Aside and Vacated

THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☒ was found guilty on count(s) 1 - 5 of the Indictment. _____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18:922(a)(1)(A); | Dealing in Firearms Without a License | 1 |
| 18:924(g)(1) & 924(a)(2) | Felon in Possession of a Firearm and Ammunition | 2 |
| 18:924(g)(1) & 924(a)(2) | Felon in Possession of a Firearm and Ammunition | 3 |
| 18:924(g)(1) & 924(a)(2) | Felon in Possession of a Firearm and Ammunition | 5 |

The defendant is sentenced as provided in pages 2 through ____4____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) _____4_____ is ☒ are ☐   Vacated.

☒ Assessment: $100.00 as to each count 1,2,3,5 for a total of $400.00

☒ No fine          ☒ Forfeiture pursuant to order filed _____3/29/18_____ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 06, 2020
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
 Sheet 2 — Imprisonment

DEFENDANT: Noe Rene Lugo   -1

Judgment — Page __2__ of __4__

CASE NUMBER: 17-cr-00482-JAH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

Ct 1: 60 months;  Ct 2:  120 months, consecutive w/Ct 1; Ct 3:  120 months, concurrent w/Ct 2;
Ct 5:  120 months, concurrent w/Ct 2  for a total of 180 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

17-cr-00482-JAH-1

AO 245B (CASD)  (Rev. 4/14)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page  3  of  4

DEFENDANT: Noe Rene Lugo  -1
CASE NUMBER: **17-cr-00482-JAH-1**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three years concurrent as to counts 1, 2, 3, 5.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.  Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  (Check if applicable.)

☐   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court.  The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**17-cr-00482-JAH-1**

AO      (Rev. 9/00) Judgment in a Criminal Case —              Judgment—Page 4 of 4

Continued 2 — Supervised Release

Defendant: LUGO, Noe Rene Louis
CASE NUMBER: 17-cr-00482-JAH-1

### SPECIAL CONDITIONS OF SUPERVISION

1.  Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2.  Submit your person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3.  Shall not associate with any person who you know, or who a probation officer or other law enforcement officer informs you is a Vista Home Boys gang member or associate, or any other known gang member or associate, unless given permission by the probation officer.

4.  Shall not wear, display, use or possess any insignias, photographs, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts or other articles of clothing that are known to represent gang affiliation, association with or membership in the Vista Home Boys gang or any other known gang, unless given permission by the probation officer.

5.  You are to provide complete disclosure of personal and business financial records to the probation officer as requested.

6.  You are to notify the probation officer of any interest in real or personal property directly or indirectly obtained, including any interest obtained under any other name or entity.

7.  You are to notify the probation officer before transferring any interest in real or personal property owned directly or indirectly, including any interest held or owned under any other name or entity.

8.  You are prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

9.  Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

10. Shall not display any known gang signs or gestures.

**FILED**

MAR 2 9 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17cr0482-JAH |
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| NOE RENE LUGO, | |
| Defendant. | |

WHEREAS, as the result of the guilty verdicts returned by the jury on Counts 1 through 5 of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and Defendant NOE RENE LUGO thereafter orally consenting to forfeiture of all right, title and interest of all firearms and ammunition involved in the commission of the offenses, including but not limited to, the Colt .380 caliber handgun, Serial No. 103939; Heckler & Koch .45 caliber handgun, Serial No. 25-122086; Beretta 9mm handgun, Serial No. BER217874Z; Glock 17 9mm handgun, Serial No. BCBE003; Harrington & Richardson 732 revolver, Serial No. AY077870; Smith & Wesson M&P 15, Serial No. 67705; AR-10 rifle (no serial number); approximately 9 rounds of 9mm ammunition; approximately 5 rounds of .32 caliber ammunition; approximately 41 rounds of .308 ammunition; and approximately 49 rounds of .223 caliber ammunition, defendant NOE RENE LUGO is hereby ordered to forfeit to

//

1  the United States all rights, title and interest in all the firearms and ammunition involved
2  in the offenses, as alleged in the Indictment; and

3        WHEREAS, the above-referenced properties were all part of the controlled purchase
4  in violation of 18 U.S.C. §§ 922(a)(1)(A), 922(g)(1), and 924(a)(2);

5        Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

6        1.     All right, title and interest of Defendant NOE RENE LUGO in the Colt .380
7  caliber handgun, Serial No. 103939; Heckler & Koch .45 caliber handgun, Serial No. 25-
8  122086; Beretta 9mm handgun, Serial No. BER217874Z; Glock 17 9mm handgun, Serial
9  No. BCBE003; Harrington & Richardson 732 revolver, Serial No. AY077870; Smith &
10 Wesson M&P 15, Serial No. 67705; AR-10 rifle (no serial number); approximately 9
11 rounds of 9mm ammunition; approximately 5 rounds of .32 caliber ammunition;
12 approximately 41 rounds of .308 ammunition; and approximately 49 rounds of .223 caliber
13 ammunition, are hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1)
14 and 28 U.S.C. § 2461(c).

15       2.     The Colt .380 caliber handgun, Serial No. 103939; Heckler & Koch .45 caliber
16 handgun, Serial No. 25-122086; Beretta 9mm handgun, Serial No. BER217874Z; Glock
17 17 9mm handgun, Serial No. BCBE003; Harrington & Richardson 732 revolver, Serial
18 No. AY077870; Smith & Wesson M&P 15, Serial No. 67705; AR-10 rifle (no serial
19 number); approximately 9 rounds of 9mm ammunition; approximately 5 rounds of .32
20 caliber ammunition; approximately 41 rounds of .308 ammunition; and approximately 49
21 rounds of .223 caliber ammunition were part of a controlled purchase and, accordingly, no
22 ancillary proceedings or further action is required to enforce the forfeiture in this case.

23     DATED: 3-29-18

24

25     Hon. JOHN A. HOUSTON
    United States District Court

26

27

28

2

17cr0482