UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE RENE LUGO,<br><br>                              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Case No.: 3:17-cr-00482-JAH-1<br><br>**ORDER GRANTING PETITIONER'S MOTION TO FILE SUPPLEMENTAL BRIEFING AND ORDER SETTING BRIEFING SCHEDULE FOR PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**[ECF No. 119]** |

**I. INTRODUCTION**

Pending before the Court is Petitioner Noe Rene Lugo's ("Petitioner") motion challenging his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel by his trial attorney, Estevan Lucero. ("Mot.", ECF No. 119). Included in Petitioner's § 2255 motion is a request for additional time to file a brief supplementing his petition with supporting case law and authorities. (*Id.* at 12-13). The United States ("Respondent") filed an opposition to the motion. ("Opp'n.", ECF No. 121). After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court **GRANTS** Petitioner's motion to file a brief supplementing his initial petition within ninety

(90) days of the date of this Order. However, Petitioner is **ORDERED** to provide a status report to the Court within thirty (30) days of the date of this Order.

## II. BACKGROUND

On February 24, 2017, a grand jury returned a five-count indictment charging Petitioner with one count of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and four counts of felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ("Indictment", ECF No. 1). On August 28, 2017, Petitioner retained attorney Estevan R. Lucero and requested a jury trial. (Opp'n. at 2). On December 1, 2017, a jury found Petitioner guilty on all five counts. ("Jury Verdict", ECF No. 55). The Court then sentenced Petitioner to a total of 200-months custody and three years of supervised release. (ECF No. 72).

Petitioner appealed his conviction and sentence. (ECF Nos. 75, 79). The Ninth Circuit Court of Appeals affirmed in part and vacated in part Petitioner's conviction and sentence and remanded the case for re-sentencing. (Opp'n. at 2). The Court resentenced Petitioner to a total of 180-months in custody and three years of supervised release. (ECF No. 116). Petitioner now moves, *pro se*, to vacate or modify his sentence on the ground he was denied effective assistance of counsel, and he requests that the Court give him time to file a supplemental brief with supporting case law and authorities. (Mot. at 4, 12-13).

## III. LEGAL STANDARD

A section 2255 motion may be brought to vacate, set aside or correct a sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## IV.  DISCUSSION

As a preliminary matter, Petitioner requests that the Court delay ruling on his *pro se* petition so that he may "file an addendum to his § 2255 application with case law and authorities." (Mot. at 12-13). Petitioner primarily cites the ongoing COVID-19 global pandemic and accompanying Bureau of Prisons ("BOP") lockdowns as the primary reasons to justify his request. (*Id.*). The Court recognizes that Petitioner has only sought deferment of judgment on his § 2255 petition and is not disguising his motion as an opportunity to file a successive petition (which is generally restricted by statute, except in certain circumstances). 28 U.S.C. § 2255(h). Instead, in light of Petitioner's *pro se* status, the Court construes Petitioner's filing as a request to supplement his initial petition.

Respondent argues Petitioner has not demonstrated good cause for any further delay on Petitioner's motion as Petitioner has had "over three years to research and prepare his claims stemming from his December 17, 2017 trial." (Opp'n. at 6). Additionally, Respondent proffers that Petitioner "[a]s of March 2018, . . . was in full possession of any facts and arguments that would justify a 2255 petition." (*Id.* at 7). The Court disagrees for two reasons.

First, as Respondent notes, Petitioner timely filed his § 2255 petition on July 2, 2021, "360 days" since Petitioner's "amended judgement was final on July 7, 2020[,]" and thus his petition is statutorily protected. (*Id.*; 28 U.S.C. § 2255(f)). However, the Court is aware that Petitioner has now had approximately seventeen months since filing his petition to supplement it, and Petitioner has failed to provide the Court with any update. Nonetheless, the Court takes notice[1] there may have been unique circumstances, because of COVID-19

---

[1] The Court takes judicial notice of the BOP coronavirus update and considers the number of cases reported by the BOP. *See United States v. Laborin*, 2020 WL 5909493, at *1, n.3 (E.D. Cal. Oct. 5, 2020); *see also United States v. Miles*, No. 2:17-CR-00127-KJM, 2020 WL 3256923, at *1, n.1 (E.D. Cal. June 16, 2020) (explaining that like "other courts, this court takes judicial notice of the information presented by the BOP at https://www.bop.gov/coronavirus/").

restrictions, that prevented Petitioner from accessing essential resources and engaging in prudent research.

Second, Respondent invites the Court to accept the notion that Petitioner "has had over three years to research and prepare his claims." (Opp'n. at 6). The Court declines this invitation as the Petitioner's initial date of sentencing is irrelevant considering the statutory regime which unequivocally provides a defendant up to one year to file a § 2255 petition from "the date on which the judgement of conviction becomes final." 28 U.S.C. § 2255(f). Here, judgement against Petitioner was final on July 7, 2020, following Petitioner's appeal. (ECF No. 118). Therefore, Petitioner has timely filed his petition, and Respondent acknowledges this in its Opposition. (Opp'n. at 7).

Considering the potential limitations related to the COVID-19 pandemic, the Court GRANTS Petitioner's request to file a supplemental brief. The Court recognizes § 2255's restriction on successive motions and will construe Petitioner's additional filing as a supplement to the initial petition. The Court, considering the Petitioner's motion, further deems it appropriate to require a response from Respondent. The Court will not rule on the pending § 2255 petition until either the issue has been fully briefed by the parties, or until the time to do so has expired.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner may file a brief supplementing his initial petition on his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 within **NINETY (90) DAYS** of the date of this Order;

2. Petitioner shall file a status report informing the Court that he has the necessary resources to complete his supplemental brief within **THIRTY (30) DAYS** of this Order. Petitioner must timely file the status report, or the Court will deem Petitioner to have abandoned his request to file a supplemental brief; and

///
///

3. Respondent shall file and serve a response to Petitioner's supplemental brief within **THIRTY (30) DAYS** of receipt of Petitioner's supplemental brief.

**IT IS SO ORDERED.**

DATED: December 14, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE