UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE RENE LUGO,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Case No.: 3:17-cr-00482-JAH-1<br><br>**ORDER GRANTING RESPONDENT'S MOTION REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE IN RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**[ECF No. 125]** |

Pending before the Court is Respondent United States of America's ("Respondent") motion for court order regarding waiver of attorney-client privilege. (ECF No. 125). Respondent's motion was made in response to Petitioner Noe Rene Lugo's ("Petitioner") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and supplemental brief, alleging ineffective assistance of counsel. (ECF Nos. 119, 124). After a thorough review of the record and the parties' submissions, and for the reasons set forth below, the Court **GRANTS** Respondent's motion.

/ / /

/ / /

## I. BACKGROUND

On February 24, 2017, a grand jury returned a five-count indictment charging Petitioner with one count of dealing in firearms without a license and four counts of felon in possession of firearms and ammunition. (ECF No. 1). Following Petitioner's arrest, on March 1, 2017, the Court appointed attorney Jami L. Ferrara to represent Petitioner. (ECF No. 6). Ms. Ferrara represented Petitioner until Petitioner chose to retain attorney Estevan R. Lucero on or about August 9, 2017. (ECF No. 32). On December 1, 2017, a jury found Petitioner guilty on all five counts. (ECF No. 55). The Court then sentenced Petitioner to a total of 200-months custody and three years of supervised release. (ECF No. 72).

Petitioner appealed his conviction and sentence. (ECF Nos. 75, 79). The Ninth Circuit Court of Appeals affirmed in part and vacated in part Petitioner's conviction and sentence and remanded the case for re-sentencing. (ECF No. 101). The Court then resentenced Petitioner to a total of 180-months in custody and three years of supervised release. (ECF No. 116).

On July 2, 2021, Petitioner moved, *pro se*, to vacate or modify his 180-month sentence on the ground that he was denied effective assistance of counsel. (ECF No. 119). Included in Petitioner's § 2255 motion is a request for additional time to file a brief supplementing his motion with supporting case law and authorities. (*Id.* at 12-13). On July 21, 2021, Respondent filed an opposition to Petitioner's motion. (ECF No. 121). On December 14, 2022, the Court granted Petitioner's request to file supplemental briefing and set a briefing schedule. (ECF No. 122). The Court ordered Respondent to respond to Petitioner's supplemental brief within thirty days of receipt. (*Id.* at 5). On March 7, 2023, Petitioner filed his supplemental brief. (ECF No. 124).

On April 6, 2023, Respondent filed the instant motion for a court order regarding waiver of attorney-client privilege. (ECF No. 125). Respondent argues that Petitioner has placed attorney-client privilege communications at issue, and Respondent is unable to respond appropriately to Petitioner's motion and supplemental briefing without an opportunity to probe the veracity of Petitioner's claims. (*Id.* at 1-2). Petitioner alleges

that he only went to trial because his counsel misadvised him about his sentencing exposure on the charges. (ECF No. 119 at 4). Accordingly, Respondent's motion makes three requests. First, Respondent requests that the Court find a partial waiver of the attorney-client privilege as to any communications necessary to address the claims raised by Petitioner in his § 2255 motion and supplemental briefing. (ECF No. 125 at 7). Based on that limited waiver, Respondent also requests that the Court order Petitioner's prior counsels, Jami L. Ferrara and Estevan R. Lucero, to provide affidavits to Respondent responding to the issues raised in Petitioner's § 2255 motion and supplemental briefing. (*Id.*) Lastly, Respondent requests that the Court stay the briefing schedule and require that any response to Petitioner's § 2255 motion be filed 30 days after any deadline set by the Court for filing of a declaration by prior counsels. (*Id.*)

On May 9, 2023, Petitioner filed a response to Respondent's motion and stated that he "waives the attorney client privilege regarding communications he placed directly at issue in his motion and supplemental briefing." (ECF No. 127 at 1).

## II. DISCUSSION

Petitioner "alleges that his counsel's performance pre-trial and at sentencing was ineffective—which violated his Sixth Amendment rights." (ECF No. 119 at 5). Petitioner's motion lists attorney Ferrara as the person who represented Petitioner at the preliminary hearing, arraignment, and plea, while attorney Lucero represented Petitioner at trial and sentencing. (*Id.* at 10). Petitioner's principal argument is that he only went to trial because his counsel allegedly misadvised him about his sentencing exposure on the charges. (*Id.* at 4). Specifically, Petitioner alleges that his "counsel" told him he "was looking at ten years imprisonment regardless if he plead guilty or chose to go to trial." (*Id.*) Petitioner further alleges that the prosecutor's plea offer of seven to eight years imprisonment was given to attorney Ferrara. (*Id.* at 5). However, Petitioner's motion is unclear as to whether it was attorney Ferrara, attorney Lucero, or both, who allegedly misadvised Petitioner and denied him effective assistance of counsel. In light of this uncertainty and Petitioner's waiver of attorney-client privilege, the Court finds it appropriate to order attorneys Ferrara and

Lucero to provide affidavits to Respondent so that Respondent may appropriately respond to Petitioner's § 2255 motion and supplemental briefing.

### III.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

    1.   Petitioner's former counsel, Estevan R. Lucero and Jami L. Ferrara, shall provide affidavits to the United States as to all matters relating to Petitioner's pending § 2255 motion and supplemental briefing on or before **June 16, 2023**;

    2.   The substance of the communications between the Petitioner and Estevan R. Lucero and Jami L. Ferrara, and the resulting declarations from Estevan R. Lucero and Jami L. Ferrara, may be used only by representatives of the United States Department of Justice, and only for purposes of any proceedings incident to litigating the claims presented in the § 2255 motion pending before this Court.  This Order shall continue in effect after the conclusion of those proceedings and specifically shall apply in the event of a retrial of all or any portion of the Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this Order upon entry of final judgment in this matter;

    3.   Respondent shall file and serve a response to Petitioner's § 2255 motion and supplemental brief on or before **June 30, 2023**; and

    4.   If Petitioner wishes to file a reply, he may do so on or before **July 21, 2023**;

**IT IS SO ORDERED.**

DATED:  May 16, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE